IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| DANIEL WARREN and JASON SWIDERSKI | : | CIVIL ACTION |
|---|---|---|
| *Plaintiffs - pro se* | : | NO. 16-1089 |
| v. | : | |
| NORTHAMPTOIN COUNTY, *et al.* | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.            FEBRUARY 12, 2019

## MEMORANDUM OPINION

**INTRODUCTION**

Presently before this Court is a *motion to dismiss Plaintiffs' second amended complaint for failure to prosecute*, [ECF 89], filed by Defendants[1] premised on the failure of *pro se* Plaintiff Jason Swiderski ("Plaintiff Swiderski") to prosecute this action and his repeated failures to comply with the numerous orders issued and the obligations imposed on him by the Federal Rules of Civil Procedure. In light of the procedural posture of this case and the lack of prosecutorial action by Plaintiff Swiderski, and after having carefully considered and weighed the factors set forth in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), Defendants' motion is granted, and this matter is dismissed for failure to prosecute.

---

[1] Defendants include the following: Northampton County, Director of Corrections Daniel Keen, Warden Todd Buskirk, Operations Administrator Alfred Crivellaro, Deputy Warden James Kostura, Deputy Warden David Penchishen, Treatment Coordinator Mark Bartholomew, Law Librarian Eugene Slagle, Deputy Warden Joseph Kospiah, and Corrections Officers David Wimmer, Todd Mika, Wayne Jung, Joshua Bochini, Jason Wagner, Christopher Zimmerman, and Cynthia Schultes (collectively, "Defendants").

**BACKGROUND**

The procedural history in this matter has been developed from the official record or docket, and is as follows:

>   This matter was commenced on March 7, 2016, when Plaintiff Daniel Warren ("Plaintiff Warren") and Plaintiff Swiderski each filed an application to proceed *in forma pauperis* ("IFP"), [ECF 1, 2], and a joint complaint against Defendants in which they essentially alleged that they were denied access to the courts, and that their legal mail was mishandled by Northampton County Prison ("NCP") officials during their respective incarcerations. [ECF 6]. This original complaint was signed by both Plaintiffs. After each was granted permission to proceed IFP, [ECF 5], Plaintiffs filed an amended complaint and a second amended complaint, which were signed by both Plaintiffs. [ECF 7, 11]. Plaintiffs' second amended complaint added various defendants and other claims of mishandling of legal mail and denial of access to the courts. [ECF 11].
>
>   Over the course of the following two years, Plaintiff Warren only (without Plaintiff Swiderski) filed numerous motions, responses, and other filings in this action. [*See e.g.*, ECF 39, 40, 44, 45, 48, 49, 51, 53, 58, 61, 64, 68, 70, and 73]. In these various filings, Plaintiff Warren often referred to himself as the "Representative Plaintiff." [*Id.*]. On August 13, 2018, Defendants filed a stipulation of voluntary dismissal entered between Plaintiff Warren and counsel for Defendants by which Plaintiff Warren was dismissed as a party to this case and all claims raised on behalf of Plaintiff Warren were voluntarily dismissed with prejudice.[2] [ECF 86]. This stipulation did not affect any claims brought by Plaintiff Swiderski. [*Id.*].
>
>   Plaintiff Swiderski did not sign or otherwise join in the various filings of Plaintiff Warren. Indeed, with the exception of a notice of a change of address filed on September 6, 2016, [ECF 46], Plaintiff Swiderski did not file or sign anything that was made part of the official record between the period of April 27, 2016, and

---

[2]   On June 18, 2018, prior to the stipulation of dismissal, Plaintiff Warren filed a motion for exclusion from class action indicating that he had not had contact with Plaintiff Swiderski since April of 2015 (likely April of 2016), and indicating that he "opts out of this action." [ECF 82]. Plaintiff Warren also indicated that he "has no idea what Plaintiff Swiderski's discovery responses will be and has no way of finding out." [*Id.*].

2

May 29, 2018.[3] Plaintiff Swiderski also did not sign the operative third amended complaint filed by Plaintiff Warren on December 19, 2016. [ECF 53].[4]

On April 11, 2017, Defendants sent Plaintiffs interrogatories and a request for production of documents and things. [ECF 95-4]. Plaintiff Warren responded to Defendants' discovery requests on May 2, 2017, and June 20, 2017. Those responses were signed and answered by Plaintiff Warren *only*. [ECF 95-5, 95-6].

Following the disposition of an interlocutory appeal filed by Plaintiff Warren, a May 16, 2018 Scheduling Order was issued, setting deadlines for certain events to occur, such as the completion of fact discovery by September 14, 2018. [ECF 75]. On May 29, 2018, after not participating in this matter for almost two years, Plaintiff Swiderski filed a notice of change of address to NCP. [ECF 76]. Thereafter, Defendants filed motions for leave to take the depositions of both Plaintiffs at their respective correctional institutions.[5] [ECF 77, 78]. On June 4, 2018, Defendants sent Plaintiff Swiderski a request for admissions, [ECF 95-10], to which he failed to respond. On June 14, 2018, Plaintiff Swiderski filed an "Affidavit" alleging that he was being retaliated against and denied access to the law library in NCP. [ECF 81]. On June 20, 2018, Defendants noticed Plaintiff Swiderski's deposition for July 16, 2018, at NCP. [ECF 95-11]. However, he was released from NCP on July 3, 2018, before Defendants were able to depose him. [ECF 95-12]. In the interim, on June 25, 2018, Plaintiff Swiderski filed another affidavit and exhibits regarding his incarceration at NCP. [ECF 83, 84].

On July 10, 2018, Defendants sent Plaintiff Swiderski another notice of deposition which scheduled his deposition for July 27, 2018. [ECF 95-13]. Though he was released from NCP on July 3, 2018, Plaintiff Swiderski failed to file a notice of change of address with the Court and the notice of deposition was sent to his last known address and the address on file with NCP. Plaintiff Swiderski once again failed to appear for his deposition.

On September 17, 2018, Plaintiff Swiderski filed a notice of change of address indicating that he was incarcerated at Lehigh County Jail. [ECF 88]. Plaintiff Swiderski, however, was not incarcerated at Lehigh County Jail until August 28, 2018, and had not apprised the Court and/or Defendants of his address for the time period between his release from NCP on July 3, 2018, until his incarceration at Lehigh County Jail.

---

[3] This September 6, 2016 event – more than two years ago – was Plaintiff Swiderski's last involvement in this action until his filings and correspondence between May 29, 2018, and June 25, 2018, and his filing on September 17, 2018. [ECF 76, 81, 83, 84, 88].

[4] It is well-settled that although an individual may represent himself *pro se*, a non-attorney may not represent other parties in federal court. *See Murray v. City of Philadelphia*, 901 F.3d 169, 170-71 (3d Cir. 2018). As such, Plaintiff Warren was not authorized to represent Plaintiff Swiderski in this matter.

[5] These motions were granted on June 14, 2018. [ECF 79, 80].

On September 27, 2018, after the deadline for fact discovery passed, Defendants filed their underlying motion to dismiss for failure to prosecute. [ECF 89]. On October 4, 2018, this Court issued an order requiring Plaintiff Swiderski to show cause why this matter should not be dismissed for his failure to prosecute, [ECF 93], and to do so by filing a response by November 2, 2018, or face dismissal of this action for failure to prosecute. [*Id.*]. Thereafter, on October 17, 2018, Plaintiff Swiderski submitted a miscellaneous filing containing inmate grievances he submitted at NCP complaining of treatment by prison staff during his brief stay there in early October 2018 and of allegedly being assaulted by another inmate. [ECF 94]. This miscellaneous filing did not respond either to this Court's October 4, 2018 Rule to Show Cause Order or to Defendants' motion to dismiss for failure to prosecute. [*Id.*].

Pursuant to this Court's May 16, 2018 Scheduling Order, all dispositive motions were due by November 14, 2018, and responses were due by December 14, 2018. [ECF 75]. Defendants timely filed a motion for summary judgment on November 12, 2018. [ECF 95]. To date, Plaintiff Swiderski has not responded to Defendants' motion for summary judgment.

**LEGAL STANDARD**

Federal Rule of Civil Procedure ("Rule") 41(b) provides that an action may be dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *Harris v. City of Philadelphia*, 74 F.3d 1311, 1330 (3d Cir. 1995). Because of the extreme nature of this type of sanction, the United States Court of Appeals for the Third Circuit in *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), instructed district courts to apply a six-factor balancing test to determine whether the entry of such a dismissal order is appropriate. *Id.* at 867-68.

The *Poulis* factors require district courts to consider: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) whether the party has a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim. *Id.* at 868. However, not all of the factors need weigh in favor of dismissal nor need be satisfied. *See Briscoe v. Klaus*, 538 F.3d 252,

263 (3d Cir. 2008) ("While no single *Poulis* factor is dispositive, we have also made it clear that not all of the *Poulis* factors need be satisfied in order to dismiss a complaint."); *C.T. Bedwell & Sons, Inc. v. Int'l. Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988) (noting that the district court did not abuse its discretion where five *Poulis* factors favored dismissal). A decision to enter a dismissal order is within the district court's discretion. *Poulis*, 747 F.2d at 868.

**DISCUSSION**

Relying on the case law cited, this Court will review and balance the *Poulis* factors to determine whether Defendants' motion to dismiss for failure to prosecute should be granted.

### *1. Extent of Plaintiff Swiderski's Responsibility*

Plaintiff Swiderski is proceeding *pro se* in this matter. As such, he is personally and directly responsible for all actions taken or not taken in his case, including his failure to prosecute this action. "[A] *pro se* plaintiff is personally responsible for complying with the court's orders." *Briscoe*, 538 F.3d at 258. Further, a *pro se* plaintiff is personally responsible for delays in his case because "a *pro se* plaintiff is solely responsible for the progress of his case, whereas a plaintiff represented by counsel relies, at least in part, on his or her attorney." *Id.* at 258-59.

Here, Plaintiff Swiderski has failed on multiple occasions to comply with this Court's Orders and various Rules of Civil Procedure and to otherwise prosecute his claims. Critically, Plaintiff Swiderski failed to comply with this Court's Rule to Show Cause Order of October 4, 2018. In that Order, Plaintiff Swiderski was directed to show cause why this matter should not be dismissed for his failure to prosecute. [ECF 93]. That Order also advised Plaintiff Swiderski that should he not respond, this matter would be dismissed for failure to prosecute. Though Plaintiff Swiderski submitted a miscellaneous filing alleging retaliation during a brief stay at NCP in early

5

October of 2018, he did not address why the matter should not be dismissed for his failure to prosecute; nor did he respond to Defendants' motion to dismiss for failure to prosecute.

It was also incumbent on Plaintiff Swiderski to participate in the discovery process and to notify the Court of any changes to his address. *See Richardson v. Cox*, 1993 WL 481723, at *3 (E.D. Pa. Nov. 17, 1993) ("[A] plaintiff must bear the responsibility of pursuing his claim and at a minimum he must be willing to participate in the discovery process."). Instead, with the limited exception of a few filings during his recent incarceration at NCP, [ECF 76, 81, 83, and 84], and his most recent notice of change of address, [ECF 88], Plaintiff Swiderski has not been involved in this litigation since at least September 6, 2016. During that time, Plaintiff Swiderski failed to respond to Defendants' discovery requests, failed to appear for his deposition scheduled on two occasions, and failed to apprise this Court of various changes in his address.[6] He also failed to sign the operative complaint. Plaintiff Swiderski's lack of participation in this litigation culminated in his most recent failure to respond to Defendants' motion for summary judgment.

Further, there is no indication that Plaintiff Swiderski has not received this Court's previous Orders and admonishments or Defendants' various filings, motions, and discovery requests. At this point, more than four months have passed since Defendants filed their motion to dismiss for failure to prosecute and the issuance of the Rule to Show Cause Order, and more than two months have passed since Defendants filed their motion for summary judgment. This passage of time is more than sufficient for Plaintiff Swiderski to have responded to the Court's Orders and to Defendants' motions. Since his failures to comply with any of the Orders issued and the applicable Rules of Civil Procedure cannot be attributed to counsel or another party, this factor weighs in favor of dismissal.

---

[6] Pursuant to Local Rule 5.1(b), a *pro se* party "shall notify the Clerk within fourteen (14) days of any change of address."

## 2. Prejudice to Defendants

Prejudice occurs when a plaintiff's failure to prosecute burdens a defendant's ability to defend against a case and/or prepare for trial. *Ware v. Roadle Press, Inc.*, 322 F.3d 218, 222-23 (3d Cir. 2003); *Briscoe*, 538 F.3d at 259 (holding that prejudice "includes the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy . . . ."); *Dilliard v. Cty. of Northampton*, 2005 WL 2033387, at *4 (E.D. Pa. Aug. 22, 2005) (finding that a plaintiff's failure to appear at his deposition is prejudicial to a defendant). Here, Plaintiff Swiderski has failed to participate in the discovery process, to appear for his deposition on two occasions, to comply with or respond to Orders of this Court, and to promptly notify the Court and Defendants of his various changes of address. These numerous and repeated failures have prevented Defendants from effectively preparing this matter for dispositive motions and/or trial. Under the circumstances, this factor weighs in favor of dismissal.

## 3. Plaintif Swiderski's History of Dilatoriness

Similarly, Plaintiff Swiderski's conduct evidences a history of dilatoriness: he has failed to respond to Defendants' discovery requests, to appear for his deposition on two occasions, to comply with or respond to this Court's various Orders, and to respond to Defendants' dispositive motions. Apart from a few sporadic filings amongst years of inactivity, Plaintiff Swiderski has done nothing that would evidence any desire on his part to continue to actively or timely pursue this action. This factor, therefore, weighs in favor of dismissal.

## 4. Willfulness and Bad Faith Conduct

"Willfulness and bad faith can be inferred from the totality of the record." *Schutter v. Herskowitz*, 2008 WL 2726921, at *17 (E.D. Pa. July 11, 2008). The Third Circuit has held that the "[a]bsence of reasonable excuses may suggest that the conduct was willful or in bad faith."

*Roman v. City of Reading*, 121 F. App'x 955, 960 (3d Cir. 2005). Plaintiff Swiderski's repeated failures to comply with this Court's Orders, to participate in the discovery process, and to respond to Defendants' various dispositive motions without any offered justification evidences willfulness. Thus, this factor weighs in favor of dismissal.

### 5. Effectiveness of Sanctions other than Dismissal

Plaintiff Swiderski's repeated failures to comply with this Court's Orders and his obligations under various Rules of Civil Procedure have deprived this Court of the ability to fashion, if appropriate, a less severe and more moderate sanction that might ensure future compliance. It appears Plaintiff Swiderski has simply ignored numerous Orders and the obligations imposed on him by applicable Rules of Civil Procedure. In the absence of any mitigating circumstances or offered justification for his repeated failures, Plaintiff Swiderski's conduct makes it clear that any other less severe sanction would be ineffective. This factor, therefore, weighs in favor of dismissal. *See Briscoe*, 538 F.3d at 263 (affirming dismissal of a complaint by a *pro se* plaintiff proceeding *in forma pauperis* and upholding "District Court's conclusion that no alternative sanctions existed because monetary sanctions, including attorney's fees, would not be an effective alternative.").

### 6. Meritoriousness of Plaintiff Swiderski's Claims

A claim is meritorious if the allegations of the pleadings would support recovery if established at trial. *Poulis*, 747 F.2d at 869-70. Given Plaintiff Swiderski's failure to respond to this Court's Rule to Show Cause Order, and Defendants' motion to dismiss and motion for

summary judgment, it is difficult to assess the merits, if any, of his claims. This Court, therefore, finds this factor neutral. *See Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002).[7]

## CONCLUSION

Having carefully considered and balanced each of the *Poulis* factors, this Court finds that these factors collectively weigh in favor of dismissal. As such, Plaintiff Swiderski's claims are dismissed for failure to prosecute. An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, J.

---

[7] This Court notes, however, that by failing to respond to Defendants' motion for summary judgment, Plaintiff Swiderski has effectively failed to meet his summary judgment burden on each of his claims, subjecting them to dismissal on their merits.